# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**MICHAEL JEROME BROWN,** **PLAINTIFF**
*Individually and as Administrator of the*
*Estate of Laura Lee Brown*

**V.** **CAUSE NO. 3:18-CV-413-CWR-FKB**

**AMERICAN BANKERS INSURANCE** **DEFENDANT**
**COMPANY OF FLORIDA**

## ORDER GRANTING JUDGMENT ON THE PLEADINGS

Before the Court are Defendant's motion for judgment on the pleadings (Docket No. 11) and motion to strike Plaintiff's surreply (Docket No. 16). For the reasons stated herein, both motions are granted.

**I.  Factual Background**

On May 12, 2017, a storm caused a tree to fall onto a mobile home in Yazoo City, Mississippi. At the time of the storm, a lender-placed insurance policy issued by Defendant covered the mobile home. The policy listed the insured lender as Ditech Financial, LLC and the borrower as Laura Brown. Defendant retained Crawford & Company to inspect and assess the damage to the mobile home. Crawford determined the cost to repair the damage to be $22,634.66, which exceeded the policy limit of $13,430. Consequently, Defendant issued a check in the amount of $13,430 to the insured lender, Ditech, and to Michael Brown, as the administrator of the estate of Laura Brown.

Now, Plaintiff contends that Defendant misrepresented the policy limits or, in the alternative, committed fraud because Defendant charged an additional fee that did not provide a benefit to the borrower. Based on these allegations, Plaintiff filed this suit alleging

misrepresentation, negligence, breach of contract, bad faith refusal to pay insurance benefits, fraud, and infliction of emotional distress.

## II. Legal Standard

Motions for judgment on the pleadings are governed by Federal Rule of Civil Procedure 12(c).

> The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. The plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quotation marks and citations omitted).

## III. Discussion

The policy reflects a coverage period from July 25, 2016 to July 25, 2017. Plaintiff does not dispute that the storm occurred in May 2017 and that Defendant issued a sum of $13,430 for the damage. Nevertheless, Plaintiff inexplicably contends that this policy is inapplicable and, rather, a policy issued two months after the storm with a policy limit of $33,956 is the relevant policy. By representing to Crawford a policy limit of only $13,430, and refusing to pay additional amounts, Plaintiff argues this constituted misrepresentation, negligence, breach of contract, and bad faith refusal to pay.

Plaintiff provides no authority or explanation for why the Court should consider a policy issued two months after the storm damage occurred as the applicable policy in this case.[1] Defendant complied with the appropriate insurance policy when it paid the policy limit.[2]

In the alternative, Plaintiff argues that if the policy limit is $13,430, then Defendant committed fraud by "charging a fee which provides no benefit" to the borrower. Plaintiff contends that the policy's "Borrower's Property Coverage" endorsement, which charged a $95 fee, entitles him to additional payments beyond the policy limit reflected in the Declarations. Defendant explains, and the text of the policy shows, that this "Borrower's Property Coverage" endorsement amended the term "property" to extend coverage to mobile (or "manufactured") homes, as opposed to just personal property, in return for a $95 premium. Furthermore, the "Limit of Liability" provision in the endorsement expressly provides that Defendant's liability for loss or damage to the property will be, at most, the limit of liability reflected in the Declarations. *See* Docket No. 11-2.

Plaintiff responds that the "Borrower's Property Coverage" endorsement is ambiguous and misleading because (1) there is a separate "Basic Premium" fee of $501, and (2) the endorsement is labeled as "Borrower's Property Coverage" instead of "Mobile Home Fee." Specifically, he asserts that

---

[1] Plaintiff's response is less than three pages. Other than mentioning Rule 12(c), the response contains no citation to authority nor responds to the authorities and arguments by Defendant. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. Thus, courts have consistently held that inadequate briefing results in a waiver of a party's argument." *Wong v. Lighthouse Point, LLC*, No. 4:16-CV-109-DMB-JMV, 2017 WL 6028356, at *9 (N.D. Miss. Dec. 5, 2017) (citations, quotations marks, and brackets omitted). Regardless, even if the argument was not deemed waived, as explained more fully below, Defendant's motion to dismiss must be granted.

[2] Defendant correctly notes that "[w]hile Brown couches some of his claims as torts, they all hinge on ABIC's compliance [] with the provisions contained in the policy." Docket No. 12 at 2*; see also Law v. Aetna Life Ins. Co.*, No. 5:09-CV-116-DCB-JMR, 2011 WL 2840870 (S.D. Miss. July 14, 2011) ("this court holds that [Plaintiff]'s remaining claims, though nominally sounding in tort, arise out of the alleged breach [of] his disability insurance policy and thus are contract claims.").

> No one would expect that a fee captioned "BORROWER'S PROPERTY" was some clever insurance code for "mobile home." . . . To charge a fee, under a misleading heading, for which the borrower receives no benefit, is misleading and possibly fraudulent. This is a dispute of a material fact.

Docket No. 13 at 2.

The policy, which Plaintiff is presumed to have read in full as a matter of law, sets forth the purpose and scope of the "Borrower's Property Coverage" endorsement. Defendant states, and the policy shows, that the "Basic Premium" fee is the premium associated with the coverage of personal property. The "Borrower's Property Coverage" endorsement, which charges an additional $95, modifies the policy so that manufactured homes (like Plaintiff's home) are covered under the policy.

The interpretation of clear and unambiguous contracts is a matter of law, not fact. *See Miss. Farm Bureau Cas. Ins. Co. v. Smith*, 264 So. 3d 737, 742 (Miss. 2019). This policy is not ambiguous or misleading. There are no facts alleged that indicate fraud. The endorsement permits broader coverage, not a heightened policy limit. Defendant is not required to pay extra sums in addition to the maximum policy limit. As such, all of Plaintiff's claims are dismissed and Defendant's motions are granted.[3] In light of the pending motion to amend, the dismissal will be without prejudice.

## IV. Conclusion

Having granted Defendant's judgment on the pleadings, all claims are dismissed without prejudice.

**SO ORDERED**, this the 17th day of May, 2019.

---

[3] Without seeking or obtaining leave of Court, Plaintiff filed a surreply to this motion for judgment on the pleadings. In addition, the surreply did not raise any new legal theories or present new evidence. *See Sam v. YRC, Inc.*, No. 3:14-CV-5-WHB-RHW, 2014 WL 11515602, at *1 (S.D. Miss. Aug. 4, 2014). Therefore, Defendant's motion to strike (Docket No. 16) is granted.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE